WO                                                                                                          JWB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond James Diaz, | No. CV 06-1542-PHX-EHC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Raymond James Diaz filed this civil rights action pursuant to 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio, Sergeant Renteria, Lieutenant Winks, Sergeant Gibb, and Maricopa County Correctional Health Services (Doc. # 1). Defendants filed a Motion for Summary Judgment (Doc. # 37). Plaintiff has not responded to the motion. The Court will grant Defendants' motion and terminate the action.

**I.  Background**

Plaintiff's claims arose during his confinement in the Fourth Avenue and Lower Buckeye Jails in Phoenix, Arizona (Doc. # 1 at 1). In his Complaint, Plaintiff alleged that Arpaio, Gibb, and Winks denied Plaintiff access to the courts (Count I), Renteria took Plaintiff's personal mail as a disciplinary measure and continues to withhold personal mail (Count II), Arpaio refused Plaintiff access to the bible and to religious counseling (Count III), and Arpaio and CHS have not provided Plaintiff with medical care (Count IV) (id. at 4-7). He claimed that as a result of the conditions he suffered mental stress that triggered suicide attempts (id.). Plaintiff sued for monetary damages and injunctive relief (id. at 8).

The Court ordered Defendants to respond to the Complaint, and Defendants filed an Answer (Doc. ## 3, 13).

Defendants then moved for summary judgment on the following grounds: (1) Plaintiff did not exhaust administrative remedies for Counts I-III; (2) Defendants were not deliberately indifferent to Plaintiff's medical needs; (3) Plaintiff's allegations do not rise to the level of a constitutional violation; and (4) Correctional Health Services is a non-jural entity (Doc. # 37).

The Court issued an Order informing Plaintiff of his obligation to respond to the summary judgment motion (Doc. # 41).[1]  Plaintiff twice sought additional time to respond to the motion and both extensions of time were granted (Doc. ## 45, 47, 50, 52). The Court then, *sua sponte*, required Defendants to provide Plaintiff's current address because it was unclear whether Plaintiff had received the Court's Orders granting his motions for extension of time (Doc. # 54). The Court then granted Plaintiff an additional sixty days to respond to Defendants' motion (Doc. # 56). Plaintiff still failed to respond.

## II.     Exhaustion

In their first ground for summary judgment, Defendants contended that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) as to Counts I-III of the Complaint (Doc. #37 at 3).

### A.     Legal Standard

A prisoner must first exhaust "available" administrative remedies before bringing an action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

---

[1]Notice required under Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998).

1       Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt
2 v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Exhaustion is a matter of abatement in an
3 unenumerated Rule 12(b) motion. Id. at 1119-20. Although the Ninth Circuit recognized that
4 a matter in abatement is "closely analogous" to summary judgment, the court of appeals
5 noted two main differences: (1) summary judgment is on the merits but exhaustion is not; and
6 (2) summary judgment does not permit the court to resolve disputed issues of fact but
7 exhaustion does. Id. at 1119-20 n.14. When an exhaustion issue is raised in a motion for
8 summary judgment, the court should treat it as an unenumerated motion under Rule 12(b).
9 Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368-69 (9th Cir.
10 1988). Therefore, to the extent that Defendants seek summary judgment on the issue of
11 exhaustion, the Court will construe Defendants' motion as an unenumerated motion under
12 Rule 12(b).

13       Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion,
14 a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at
15 1119-20. Further, a court has broad discretion as to the method to be used in resolving the
16 factual dispute. Ritza, 837 F.2d at 369 (quotation omitted).

17       **B.**     **Parties Contentions'**

18       Defendants proffered evidence that a grievance system existed at the prison for
19 Plaintiff's claims in Counts I-III of his Complaint (Doc. # 38, Fisher Aff., Exs. C-D).
20 Further, Sergeant Susan Fisher attested that Plaintiff filed 41 grievances regarding various
21 conditions of incarceration, but only fully exhausted his claim that he was denied medical
22 care (Count IV) (id. ¶ 8; Ex. F). As a result, Defendants contended that Counts I-III of
23 Plaintiff's Complaint must be dismissed.

24       Plaintiff did not respond to Defendants' summary judgment motion. But a verified
25 complaint may be used as an affidavit opposing summary judgment if it is based on personal
26 knowledge and sets forth specific facts admissible in evidence. Schroeder v. McDonald, 55
27 F.3d 454, 460 (9th Cir. 1995). In his Complaint, Plaintiff averred that he fully exhausted his
28 claims articulated in Counts I-III (Doc. # 1 at 4-6).

### C. Analysis

As stated, Defendants bear the burden of proving the absence of exhaustion. They have introduced evidence that Plaintiff failed to fully exhaust the claims presented in Counts I-III of his Complaint (Doc. # 38, Exs. C, F). The unsupported allegations in Plaintiff's Complaint are simply insufficient to counter Defendants' evidence that he failed to exhaust. In failing to respond directly to Defendants' summary judgment motion, Plaintiff has failed to introduce copies of his grievance appeals such that the Court could conclude that he fully exhausted his claims. For this reason, the Court finds that Defendants have demonstrated the absence of exhaustion as to Counts I-III. Defendants are entitled to summary judgment on this issue and Counts I-III will be dismissed for failure to exhaust.

## III. Summary Judgement

Defendants Arpaio and Correctional Health Services (CHS)[2] move for summary judgment on Count IV of Plaintiff's Complaint on the basis that they were not deliberately indifferent to Plaintiff's serious medical needs (Doc. # 37 at 5-8).

### A. Legal Standard

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion, and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. If the moving party meets its initial responsibility the burden then shifts to the opposing party who must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the

---

[2] Arpaio and CHS were the only Defendants named in Count IV (Doc. # 1 at 6).

1  evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.
2  at 250; see Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1220 (9th Cir. 1995). The
3  opposing party need not establish a material issue of fact conclusively in its favor; it is
4  sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the
5  parties' differing versions of the truth at trial." First Nat'l Bank of Ariz. v. Cities Serv. Co.,
6  391 U.S. 253, 288-89 (1968). Finally, when considering a summary judgment motion, the
7  evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn
8  in his favor." Anderson, 477 U.S. at 255.

### B. Deliberate Indifference

10  States are prohibited by the Eighth Amendment from incarcerating inmates in
11  conditions that constitute cruel and unusual punishment of confinement. Pursuant to this
12  obligation, state officials who act with deliberate indifference to an inmate's serious medical
13  needs are liable in a § 1983 action. Estelle v. Gamble, 429 U.S. 97, 103 (1976). The Eighth
14  Amendment also prohibits deliberate indifference that subjects an inmate to an excessive risk
15  of future harm. Helling v. McKinney, 509 U.S. 25, 33 (1993). "[D]eliberate indifference to
16  a prisoner's serious medical needs is the 'unnecessary and wanton infliction of pain.'"
17  Estelle, 429 U.S. at 104-05. A state prison official is deliberately indifferent if he both
18  knows of and disregards an excessive risk to an inmate's health. Farmer v. Brennan, 511
19  U.S. 825, 837 (1994). Thus, to establish deliberate indifference, a plaintiff must establish
20  that the alleged harm was "sufficiently serious" and that the official acted with a "sufficiently
21  culpable state of mind." Id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298, 302-3
22  (1991)). Mere negligence or medical malpractice does not establish a sufficiently culpable
23  state of mind. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). A
24  prisoner does not, however, have to prove that he was completely denied medical care in
25  order to demonstrate deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir.
26  2000). Deliberate indifference may be shown when an official denies, delays, or
27  intentionally interferes with treatment or by the way that a medical professional provided the
28  care. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To prevail on a claim involving

1 choices between alternative courses of treatment, a prisoner must show that the course of
2 treatment the doctors chose was medically unacceptable in light of the circumstances and that
3 it was chosen in conscious disregard of an excessive risk to the plaintiff's health. Jackson
4 v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### C. Plaintiff's Allegations

In Count IV of his Complaint, Plaintiff alleged that he suffered from blackout spells for over one year without treatment, he had a high level of blood in his urine for 5 months without treatment, and did not receive treatment for sores spreading across his body (Doc. # 1 at 6). Plaintiff further claimed that Arpaio, in his individual and official capacities, and CHS, in its official capacity, were responsible for Plaintiff's treatment (id.).

### D. Analysis

#### 1. Arpaio in his Individual Capacity

Arpaio seeks summary judgment on the grounds that he is not responsible for medical care in the jails and did not treat Plaintiff (Doc. # 37 at 11). In support, he relies on the declaration of Gerard Sheridan, Chief of Custody for the Maricopa County Sheriff's Office (Doc. # 38, Ex. M).

Individual liability hinges upon a defendant's participation in the deprivation of a constitutional right. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). This participation may involve setting in motion acts that cause others to inflict constitutional injury. Id. For the Court to hold Arpaio liable in his individual capacity, Plaintiff must demonstrate: (1) that Arpaio's "own culpable action or inaction in the training, supervision, or control of his subordinates" caused the constitutional injury; (2) that Arpaio "acquiesce[d] in the constitutional deprivations of which [the] complaint is made;" or (3) that Arpaio's conduct showed a "reckless or callous indifference to the rights of others." See id. (internal citations omitted). Plaintiff has not made this showing.

In failing to respond to Defendants' summary judgment motion, Plaintiff has not adduced any evidence to suggest that Arpaio personally took any action that resulted in a violation of Plaintiff's constitutional rights. Nor do the allegations in Plaintiff's Complaint

1  change this conclusion. Plaintiff does not submit any specific allegations or evidence to
2  support his claim that Arpaio knew that Plaintiff was denied treatment. Nor does he
3  demonstrate that Arpaio was directly involved in his treatment in any way. When a prisoner
4  attempts to hold a prison employee responsible for deliberate indifference, the prisoner must
5  establish individual fault. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Sweeping
6  conclusory allegations will not be sufficient to prevent summary judgment. Id. "The
7  prisoner must set forth specific facts as to each individual defendant's deliberate
8  indifference." Id. at 634. He must prove that the specific prison official was deliberately
9  indifferent and that this indifference was the actual and proximate cause of the injury. Id.
10 Here, there is absolutely no evidence to suggest Arpaio was deliberately indifferent to
11 Plaintiff's serious medical needs.
12     The evidence does not reflect a genuine issue of fact that Arpaio participated in the
13 constitutional violation, that he directed it, or that he showed a "callous indifference" to
14 Plaintiff's right to medical care. Summary judgment will be granted on the individual-
15 capacity claim against Arpaio in Count IV.

### 2. Defendants' Liability in their Official Capacities

17     Plaintiff sues CHS and Arpaio in their official capacities for violation of his Eighth
18 Amendment rights (Doc. # 1 at 2). CHS is operated by Maricopa County, so the proper
19 defendant is Maricopa County, which is a municipal entity. A plaintiff may bring a claim
20 against a municipality as a "person" under § 1983. Monell v. Dep't of Social Servs., 436
21 U.S. 658 (1978). Because claims for damages against county officials in their official
22 capacities are effectively claims against the county itself, the claim against Arpaio in his
23 official capacity is duplicative. See Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Thus,
24 the Court will address Plaintiff's official capacity claim as against Maricopa County.
25     To maintain his official-capacity claim, Plaintiff must establish that (1) he was
26 deprived of a constitutional right and (2) the county had a policy, practice, or custom that (3)
27 amounted to deliberate indifference to the constitutional right and (4) was the "moving force"
28 behind the constitutional violation. Mabe v. San Bernardino County, 237 F.3d 1101,

1110-11 (9th Cir. 2001) (quoting <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 835 (9th Cir. 1996)). Plaintiff has neither alleged nor demonstrated that a policy, practice, or custom was the "moving force" behind any alleged constitutional violation against Plaintiff. Without evidence sufficient to establish the last two elements—an unconstitutional policy or custom that was the moving force behind the violation—Plaintiff's bare allegations fail. Therefore, summary judgment will be granted on Count IV against Defendants in their official capacities.

**IT IS ORDERED:**

(1) Defendants' Motion for Summary Judgment (Doc. # 37) is **granted.**

(2) The Clerk of Court must terminate the action and enter judgment accordingly.

DATED this 25th day of September, 2008.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge